GEOFFREY ROY AKERS AND EILEEN G. AKERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Akers v. Commissioner
Docket No. 5033-79.
United States Tax Court
T.C. Memo 1980-411; 1980 Tax Ct. Memo LEXIS 168; 40 T.C.M. (CCH) 1318; T.C.M. (RIA) 80411; September 22, 1980, Filed Geoffrey Roy Akers and Eileen G. Akers, pro se. *169 Thomas C. Boscarino, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a $3,964 deficiency in petitioners' 1975 Federal income tax, plus a $198 addition to the tax under section 6653(a). [1] The only issues for our decision are: (1) whether petitioners made $12,000 in contributions to the First Church of Christ, Scientist, during 1975; (2) whether respondent properly imposed the negligence penalty; and (3) whether the statute of limitations bars the assessment and collection of the deficiency in income tax due from the petitioners for the taxable year 1975. FINDINGS OF FACT Petitioners, Geoffrey Roy Akers and Eileen G. Akers, resided in Norwich, Connecticut at the time the petition herein was filed. They filed their 1975 Federal income tax return with the Andover Service Center, Andover, Massachusetts on or before April 15, 1976. [2]
*170 During 1975, petitioner was a member of The First Church of Christ, Scientist, at New London, Connecticut. He was not a member of The First Church of Christ, Scientist, at Lynn, Massachusetts; however, the petitioner's mother, Florence Akers, was a member of such church during 1975. The petitioners claimed the following itemized contributions as charitable contribution deductions on their 1975 Federal income tax return which were allowed to the extent shown: Amount Claimed
Amount Allowed in
Name of Donee
on Return
Statutory Notice
Christ Church
$ 250
$250
First Church of Christ,
Scientist (New London, CT)
6,800
First Church of Christ,
Scientist (Lynn, MA)
5,200
United Fund, Boy Scouts, etc.
195
195
Mileage
77
77
Attached to the petitioners' 1975 income tax return were itemized lists setting forth the specific cash contributions purportedly made by the petitioner to the New London and Lynn churches on each Sunday during 1975. The itemized lists attached to the tax return were not a contemporaneous diary of the claimed contributions. Petitioner has no documentary evidence (such as cancelled checks or receipts from the donees of the alleged *171 contributions) although he could have received receipts for his claimed cash contributions to the Lynn, Massachusetts and New London, Connecticut churches during 1975. Petitioner, during 1975, claimed to have contributed more in cash contributions in certain weeks to the Lynn and New London churches than the total amount of cash received by these churches from the entire congregation for those weeks. Additionally, petitioner claimed to have contributed more in cash in 1975 to the church at New London, Connecticut than the total amount of cash contributions from the entire congregation during that year. Finally, petitioner claims to have contributed through his mother more, in the aggregate, in cash to the church at Lynn, Massachusetts during 1975 than the entire amount of cash contributions received by such church from the entire congregation in said year. By notice of deficiency dated April 13, 1979, the respondent determined a deficiency in the petitioners' 1975 income tax in the aggregate amount of $3,964. Further, the respondent determined additions to tax pursuant to section 6653(a) for the taxable year 1975 in the amount of $198. OPINION The primary issue before *172 the Court is whether petitioner contributed $6,800 to the First Church of Christ, Scientist, at New London, Connecticut, and $5,200 to the First Church of Christ, Scientist, at Lynn, Massachusetts in 1975.
Section 170(a)(1) provides that "[a] charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary." Section 1.170A-1(a)(2)(iii), Income Tax Regs., provides that the District Director may require statements from donee organizations corroborating claimed contributions. The burden is on the petitioner to substantiate the large amount of cash contributions claimed. Welch v. Helvering, 290 U.S. 111 (1933). Petitioner should be familiar with the applicable rules as he has been before this Court and the Second Circuit Court of Appeals on a virtually identical issue for the taxable year 1974.See Akers v. Commissioner,     F.2d     (2d Cir. 1979), 45 AFTR 2d 80-618, 80-1 USTC par. 9148, affg. a Memorandum Opinion of this Court. Petitioner attached to his 1975 tax return an itemized list scheduling weekly cash contributions which he alleges is sufficient to substantiate his claimed deductions. *173 The schedule, which is in inverse chronological order, is not a contemporaneous diary. See Akers v. Commissioner, supra.Further, the petitioner did not produce any independent proof from the donees of the relatively large cash contributions deducted. Petitioner could have made his contributions by check, or he could have requested receipts from the donees. Akers v. Commissioner, supra.
Petitioner has failed to substantiate the amounts claimed. Indeed, the Treasurer of the Church at Lynn, Massachusetts and the President of the Church at New London, Connecticut both appeared and testified. They were articulate, forthright witnesses, and it was clear from their testimony that the petitioner claimed deductions for cash contributions to each church that exceeded the total cash contributions each of these churches received in 1975. Similarly, to the extent petitioner has records, they reflect cash contributions to these churches in certain weeks that exceed the amount of cash that the churches received for that week. In view of the state of the record, we find petitioner's testimony devoid of any basis in fact. Additionally, we sustain *174 respondent's determination that the underpayment of taxes for 1975 was due to negligence or intentional disregard of the rules and regulations of the Internal Revenue Service. See section 6653(a). Respondent's determination carries a presumption of correctness and the burden is upon the petitioner to rebut this presumption. Welch v. Helvering, supra.Petitioner's records are wholly inadequate, and we found his testimony wholly untrustworthy. We therefore sustain respondent on this issue. Finally, petitioner improperly pleads the statute of limitations. The return in issue was filed with the Andover Service Center, Andover, Massachusetts on or before April 15, 1976. Pursuant to sections 6072(a) and 6501(b)(1), the return was filed, for purposes of determining the limitations period on assessment and collection of income taxes, on April 15, 1976. The deficiency notice was mailed to petitioners on April 13, 1979, which is within the three-year period prescribed. See section 6501(a). Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Since Eileen G. Akers is a party to this litigation solely as a result of filing a joint return with her husband, Geoffrey Roy Akers will hereafter be referred to as petitioner.↩